IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-175-BO

**United States of America**,

                Petitioner,

v.

**Richard von Biberstein, Jr.**,

                Respondent.

**Memorandum & Recommendation on the Motions by James Donald Sullivan**

      This matter is before the court on the following motions: (1) James Donald Sullivan's First Motion to Quash (D.E. 19) the Government's Petition to Enforce an Internal Revenue Service ("IRS") Summons ("IRS Summons") (D.E. 1); (2) Sullivan's Motion to Stay Proceedings and Discovery (D.E. 20); and (3) Sullivan's Second Motion to Quash (D.E. 28) the IRS Summons. Through his motions, Sullivan seeks to quash an administrative summons served on his attorney, Richard Von Biberstein, who is the Respondent in this action. The IRS Summons required Biberstein to produce certain documents pertaining to Sullivan's tax liability for 2006.

      The issue presented by these motions is whether Sullivan satisfies the condition precedent of the United States's waiver of sovereign immunity in cases involving a third party IRS summons. After a review of the filings and the relevant sections of the Internal Revenue Code, the undersigned magistrate judge recommends[1] that the court (1) DENY Sullivan's first Motion to Quash, (2) DENY Sullivan's Motion to Stay, and (3) DENY Sullivan's second Motion to Stay.

---

[1] The court referred this matter for entry of a Memorandum and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

1

I.   **Factual Background**

On October 25, 2012, the IRS personally served a summons on Richard von Biberstein to appear before Revenue Officer Ernest Porter to testify and produce for examination books, papers, or other data as a part of the IRS's investigation into James Donald Sullivan's tax liabilities for taxable year 2006. (D.E. 1; Pet. at 2.) Biberstein, an attorney who represented both Sullivan and TOG Properties, LLC ("TOG") in a real estate transaction, did not appear in response to the summons. (*Id.* at 3.) The IRS issued a second letter on February 13, 2013 directing Biberstein to appear at a later date. Biberstein again did not appear or present documents in response to the second letter. (*Id.*)

On July 12, 2013, the United States filed a Petition to Enforce Internal Revenue Summons. (D.E. 1.) On November 18, 2013, the court issued an Order to Show Cause. (D.E. 5.) On December 17, 2013, Biberstein – the Respondent in this action – sent a letter to Judge Boyle of the Eastern District of North Carolina explaining that he believed Sullivan and TOG retained attorney-client privilege with respect to the documents that were the subject of the IRS Summons. (D.E. 11.)

On August 26, 2014, Sullivan filed his first Motion to Quash ("First Motion"), (D.E. 19.), followed shortly thereafter by a Motion to Stay on August 28 (D.E. 20). The court held a Show Cause hearing on September 19, 2014, after which it issued an order directing Biberstein to provide the government a list of relevant documents within five days which identifies the documents that Biberstein believes are privileged. (D.E. 27.) On October 1, 2014, Sullivan entered a second Motion to Quash the IRS Summons ("Second Motion"). (D.E. 28.)

## II. Jurisdiction

"Sovereign immunity is jurisdictional in nature . . . and the terms of the United States' consent to be sued in any court define [the district court's] jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quotation marks and citation omitted). Here, the Government contends that the court lacks subject matter jurisdiction over Sullivan's motions because Sullivan lacks standing to bring them. (D.E. 21; Resp. at 2-3.) It contends that the United States enjoys sovereign immunity unless it waives such immunity, *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and that it has not done so in this case.

In cases where the IRS issues a third-party summons requiring testimony or the production of documents in the investigation of a party's income tax liability, subsection 7609(b)(2)(A) of the Internal Revenue Code constitutes a conditional waiver of sovereign immunity. 26 U.S.C. § 7609(b)(2)(A). This subsection allows "any person who is entitled to notice of a summons under subsection (a) . . . to begin a proceeding to quash" an IRS summons. (*Id.*) Subsection 7609(a) states that

> any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made . . . .

26 U.S.C. § 7609(a).

Subsection 7609(c)(2)(D)(i), however, creates an exception to the notice requirement in subsection (a) for any summons "issued in aid of the collection of (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued..." Under this exception, a taxpayer who is the subject of a third-party summons issued in an effort to collect an assessed liability against that taxpayer is neither entitled to notice nor authorized to

3

begin a proceeding to quash. Strictly construed, the conditional waiver of sovereign immunity contained in § 7609(b)(2)(A) does not apply to taxpayers against whom the IRS is attempting to collect an assessed tax liability.

Here, the Government contends that Revenue Officer Porter issued the IRS Summons to Biberstein to aid in the "collection of the unpaid income tax liabilities" of Sullivan. (D.E. 1; Pet. ¶ IV and Exhibit B.) The Petition further states that the IRS took all the administrative steps required by the Internal Revenue Code to issue a summons. (*Id.* at ¶ X.) Accordingly, the IRS Summons was issued in an effort to collect an assessed tax liability and Sullivan was neither entitled to notice pursuant to § 7609(c)(2)(D)(i), nor authorized to begin a proceeding to quash the summons under § 7609(b)(2)(A). *See* 26 U.S.C. § 7609(b)(2)(A). Because Sullivan was not entitled to notice of the IRS Summons, he has not satisfied the condition precedent to the United States' waiver of sovereign immunity under § 7609. Therefore, the district court does not have jurisdiction to hear his motions and they should be dismissed. *See Meyer*, 510 U.S. at 475.

### III. Conclusion

For the foregoing reasons, the undersigned magistrate judge recommends that the court (1) DENY Sullivan's first Motion to Quash, (2) DENY Sullivan's Motion to Stay, and (3) DENY Sullivan's second Motion to Stay.

Dated: February 12, 2015.

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE