IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:14-CV-175-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| RICHARD VON BIBERSTEIN, JR., ) | |
| Respondent. ) | |

This matter is before the Court on the following pending motions by movant James Donald Sullivan: First Motion to Quash the Government's Petition to Enforce an Internal Revenue Service Summons [DE 19]; Motion to Stay Proceedings and Discovery [DE 20]; Second Motion to Quash the IRS Summons [DE 28]; Motion to Dismiss Petition [DE 36]; Notice of Default/Motion to Dismiss [DE 40]; and Motion for Substitution of Judge [DE 43]. For the following reasons, Mr. Sullivan's motions are DENIED.

## BACKGROUND

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred three of movant's pending motions [DE 19, 20, 28] to Magistrate Judge Robert T. Numbers, who entered an M&R recommending that those motions be denied for lack of jurisdiction. [DE 45]. While those motions were pending, Mr. Sullivan filed the remaining four motions. [DE 28, 36, 40, 43]. After entry of the M&R, Mr. Sullivan objected to the legal conclusion therein, arguing that the M&R's reliance on 26 U.S.C. § 7609 was misplaced. [DE 51].

A district court is required to review an M&R de novo if the defendant specifically objects to it or in cases of clear error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–150 (1985). The district court is only required to make a de novo determination of those specific findings to which the defendant has actually objected. *See, e.g., Camby v. Davis*, 718 F.2d 198,

200 (4th Cir. 1983) (noting that no explanation need be given for adopting the report absent objection). Mr. Sullivan did not challenge the M&R's section related to factual background, and the Court adopts and incorporates Section I of the M&R by reference.

## ANALYSIS

As a sovereign, the United States is immune from suit unless it explicitly waives its immunity and consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature . . . and the terms of the United States' consent to be sued in any court define [the district court's] jurisdiction to entertain the suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quotation marks and internal citation omitted). Accordingly, if the United States is immune from suit, the district court lacks jurisdiction.

The IRS has the power to issue a summons to "any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax . . . ." 26 U.S.C. § 7602(a)(2). Subsection 7609 of the Internal Revenue Code sets forth the circumstances under which notice must be provided to a person when a summons requires a third party to produce records relating to that person. 28 U.S.C. § 7609. "If a person is entitled to notice, the statute 'provides certain limited circumstances in which this person may intervene in a third-party IRS summons and file a motion to quash' and waives the sovereign immunity of the United States for this purpose." *Green v. United States*, No. 11-MC-0265, 2012 WL 4512504, at *1 (E.D.Pa. Sept. 28, 2012) (unpublished) (quoting *McCanna v. Sena*, Nos. MC-07-014-JH & MC-08-027-JH, 2008 WL 5456388, at *2 (D.N.M. Nov. 24, 2008) (unpublished)).

The appropriate question, therefore, is whether Mr. Sullivan was entitled to notice of the summons such that the United States is immune from suit. The Court finds that he was not. Subsection 7609(c)(2)(D)(i) exempts from the notice requirements (and correspondingly from

2

the right to intervene), "the person with respect to whose liability the summons is issued" if the summons is "issued in the aid of collection of [] an assessment made or judgment rendered." 28 U.S.C. § 7609(c)(2)(A) & (D)(i). Here, the IRS summons states that the documents are required in relation to the "tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration of the internal revenue laws" concerning Mr. Sullivan. [DE 1, ex. A, p.8–9]. Revenue Officer Ernest V. Porter's declaration states that the IRS summons was issued to "collect the federal tax liability" of Sullivan. [DE 1, ex. B, p. 11]. Accordingly, Mr. Sullivan was not entitled to notice because the summons was issued in the aid of collection of an assessment, and he has no standing to make a motion to quash the subpoena.

As Mr. Sullivan lacks standing to quash the subpoena, this Court lacks the jurisdiction to hear any of his motions, therefore they are all DISMISSED. *See Meyer*, 510 U.S. at 475. The Court lacks jurisdiction to consider any motions filed by petitioner in this case, therefore petitioner is notified that any future motions will also be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART the M&R entered by Magistrate Judge Numbers and DISMISSES all of Mr. Sullivan's pending motions before this Court [DE 19, 20, 28 28, 36, 40, 43] for lack of jurisdiction. Petitioner is put on notice that any future motions he files this proceeding will be summarily dismissed.

SO ORDERED, this _24_ day of March, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3